

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-3739
Re: What powers can be exercised
by a Texas Ranger in the
checking of livestock?

This is to acknowledge receipt of your letter asking us to analyze Article 1444a, Vernon's Annotated Penal Code, advising what powers may be exercised by a Texas Ranger in the checking of livestock.

The Article to which you refer was enacted at the Second Called Session of the Forty-first Legislature in 1929. It is officially published as Chapter 19, page 32 of the General Laws of the Forty-first Legislature, Second Called Session, and reads as follows:

"Any person who is the driver of any truck, automobile or other vehicle containing any livestock or domestic fowl which is upon or being driven upon any land of which said driver is not owner, lessee, renter or tenant, or which is upon or being driven upon any highway, public street or thoroughfare, who fails to have in his possession and exhibit to any person or peace officer upon demand a written permit authorizing said movement, signed by the owner or caretaker of said livestock or domestic fowl or from the owner or person in control of the land from which said driver began said movement shall be fined not less than Twenty-five ($25.00) Dollars nor more than Two Hundred ($200.00) Dollars for each head of livestock and each domestic fowl

in said movement, unless said driver upon
demand of said person or peace officer
makes, signs and delivers to said person or
peace officer a written statement containing
all the information herein required to be included
in permits. Said driver shall be fined not
less than Twenty-five ($25.00) Dollars nor
more than Two Hundred ($200.00) Dollars for
each head of livestock and each domestic fowl
in said movement which is not covered by all
the following information: Name of place of
origin, including name of ranch or other
place; point of destination including name of
ranch, market center, packing house or other
place; number of livestock or fowls with the
description thereof, including kind, breed,
color, and also marks and brands if there be
any. Failure or refusal of such driver to
exhibit to a person or peace officer said
permit or to make said statement, shall
constitute probable cause for any person
or peace officer to search said truck or
vehicle to ascertain if it contains any
stolen livestock or stolen domestic fowls
and to detain said movement a reasonable
length of time to ascertain whether any
stolen livestock or stolen fowls are
contained therein. Any driver who has in
his possession any false or forged permit or
who makes any false written statement shall be
fined not less than Two Hundred ($200.00)
Dollars nor more than Five Hundred ($500.00)
Dollars or he shall be imprisoned in the
county jail not less than sixty (60) days
nor more than six (6) months, or he shall be
punished by both such fine and imprisonment.
It is provided that the provisions of this
Act shall also apply to slaughtered livestock
and fowls and butchered portions thereof."

We have been unable to find any court decision
construing any part of the above statute. There does not
appear to have been any case involving it to reach our
appellate courts. Therefore, we have no precedents to
guide us in making the analysis you request.

The statute appears to be within the police power
of the State, insofar as concerns the authority it extends
to peace officers. We doubt the legality of that portion
of the law attempting to require drivers of vehicles to
exhibit the permit, or make the statement prescribed in
lieu of such permit, to persons other than peace officers,
but a determination of that question is not now before us.

In passing the act, the legislative intent is apparent
from the following language of the emergency clause:

"The facts that there are numerous
thefts of livestock and domestic fowls and
that the said stolen livestock and fowls are
being hauled in trucks, automobiles and other
vehicles from ranches, pastures and premises
along public roads, thoroughfares and high-
ways and that there is no adequate law
regulating movements of livestock by trucks,
automobiles and other vehicles whereby such
thefts may be prevented and detected create
an emergency * * *"

Texas Rangers, whether officers, non-commissioned
officers or privates within the organization are "peace
officers" and clothed with all the powers of such. Article
6570, Revised Civil Statutes of Texas, 1925; Article 36,
Code of Criminal Procedure, 1925. Therefore, the Rangers
may exercise all of the authority granted under the pro-
vision of the statute under consideration.

By provisions of the act, the officers are authorized
to stop any vehicle upon it appearing that such vehicle is
transporting livestock or domestic fowl, either alive or
slaughtered, and to request the driver to exhibit the permit
described in the statute. If the driver has no such permit,
it will be proper for the officers to request that the
driver personally make the statement referred to. If refusal
is then made, the officers may search the vehicle, making
such reasonable investigation as may be necessary to
ascertain whether there are any marks or brands, and to
obtain a description of the animals or fowls being moved.
The statute in event of such failure or refusal, provides for
detention of the vehicle for a "reasonable length of time
to ascertain whether any stolen livestock or stolen fowls
are contained therein."

The term "reasonable time" has been variously de-
fined by different courts, but it is generally agreed that

the words have no set limits and no precise definitionsis possible to meet every situation. What constitutes a reasonable time depends entirely on the facts and circumstances of each particular case, and is to be decided in each case as a matter of fact. In the Texas case of H. & T. C. Ry. Co. v. Roberts, 50 Tex. Civ. App. 69, 109 S.W. 992, an instruction defining "reasonable time" to be such length of time as may fairly, properly, and reasonably be allowed or required, having regard to the nature of the act or duty and to the attending circumstances, was held not erroneous. Unnecessary delay must, of course, be avoided; the officer should proceed with dispatch.

As the penalties fixed by the law are such as to classify the offenses defined as misdemeanors, and there is no provision for arrest without warrant, in the absence of the detection of stolen property or conduct on the part of the driver constituting a breach of the peace, the officer should obtain a warrant of arrest before taking such driver into custody for a violation of the provisions requiring a permit or statement in lieu of such permit.

We wish to observe here that the statute under consideration does not alter or change in any degree the right of an accused or suspected person to waive the requirement of a warrant, either to search the vehicle or submit to arrest, in event of a violation. With the express consent of the driver, the officer would have the right to inspect and check the livestock being transported in any vehicle, irrespective of the provisions of this law.

In compliance with the verbal request of Ranger Sergeant Best, we have prepared, and append to this letter our analysis of the contents and application of the statute herein discussed.

Trusting that the above is satisfactory, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:eaw

APPROVED JUL 16, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN